UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

Elizabeth Alvarez,
Israel Corzo,
Yarelis Llerine,
Deivis Martinez,
Deinis Martinez,
and other similarly
situated individuals,

      Plaintiffs,

v.

Making Dough Berkshire LLC
d/b/a Tony's N.Y. Pizza,
Nannette Vlachakis, and
Peter Hansen, individually,

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C. § 216(b))

COME NOW Plaintiffs Yarelis Llerine, Deivis Martinez, his brother Deinis Martinez, Israel Corzo, Elizabeth Alvarez, and other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendants Making Dough Berkshire LLC d/b/a Tony's N.Y. Pizza, Nannete Vlachakis, and Peter Hansen, individually, and allege:

<u>Jurisdiction, Venues, and Parties</u>

1. This is an action to recover monetary damages for unpaid overtime wages and retaliation under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Yarelis Llerine, Deivis Martinez, his brother Deinis Martinez, Israel Corzo, and Elizabeth Alvarez are residents of Collier County, Florida, within this Honorable Court jurisdiction and are otherwise sui juris. Plaintiffs are covered employees for purposes of the Act.

3. Defendant Making Dough Berkshire LLC d/b/a Tony's N.Y. Pizza (from now on Tony's N.Y. Pizza, or Defendant) is a Florida Limited Liability Company doing business in Naples, Collier County, where Plaintiffs worked for Defendant.

4. Individual Defendants Nannete Vlachakis and Peter Hansen were and are now the owners/partners/officers/and managers of Tony's N.Y. Pizza. Defendants Nannete Vlachakis and Peter Hansen were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)], and they are jointly liable for Plaintiffs' damages.

5. All the actions raised in this Complaint occurred in Collier County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiffs Yarelis Llerine, Deivis Martinez, his brother Deinis Martinez, Israel Corzo, and Elizabeth Alvarez as a collective action to recover from Defendants overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA" or the "Act.") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2023, (the "material time") without being adequately compensated.

7. Defendant Tony's N.Y. Pizza is a retail business operating as a pizza restaurant. Defendant specializes in New York-style pizzas and other Italian food preparations.

8. Defendant Tony's N.Y. Pizza was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is a pizza and Italian food restaurant. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities

of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9.  Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs were employed as restaurant employees. Plaintiffs regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during business. Therefore, there is FLSA individual coverage.

10. Defendants Tony's N.Y. Pizza, Nannete Vlachakis, and Peter Hansen employed Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez as non-exempted, full-time employees approximately between March 15, 2023, and March 03, 2025.

11. Plaintiffs were hired to work as restaurant employees, and they worked as follows:

12. 1- Defendants Tony's N.Y. Pizza, Nannete Vlachakis, and Peter Hansen employed Plaintiff Yarelis Llerine from approximately March 15, 2023, to March 03, 2025, or 103 weeks. Plaintiff was a non-exempt, full-time employee. The plaintiff had duties as a cook, and her wage rate was $17.00 an hour.

Plaintiff's overtime rate should be $25.50 an hour. Plaintiff had a regular schedule, and she worked four days from 9:00 AM to 9:00 PM (12 hours daily), or a total of 48 hours weekly. Plaintiff did not take bona fide lunch hours. Plaintiff was paid for all her hours at regular rate, but she was not paid for overtime hours

13. 2. Defendants Tony's N.Y. Pizza, Nannete Vlachakis, and Peter Hansen employed Plaintiff Deivis Martinez from approximately May 15, 2023, to August 25, 2024, for a period of 67 weeks. Plaintiff was a non-exempt, full-time employee.  The plaintiff had duties as a cook and kitchen helper, and his wage rate was $21.44 an hour. Plaintiff's overtime rate should be $32.16 an hour. The plaintiff had a regular schedule, and he worked five days per week from 09:00 AM to 9:30 PM (12.5 hours daily), or 62.5 hours per week. Plaintiff did not take bona fide lunch hours. Plaintiff was paid for all his hours at regular rate, but he was not paid for overtime hours.

14. 3. Defendants Tony's N.Y. Pizza, Nannete Vlachakis, and Peter Hansen employed Plaintiff Deinis Martinez from May 15, 2023, to August 25, 2024, for a period of 67 weeks. Plaintiff was a non-exempt, full-time employee.  The plaintiff had duties as a cook and kitchen helper, and his wage rate was $21.44 an hour. Plaintiff's overtime rate should be $32.16 an hour. The plaintiff had a regular schedule, and he worked five days per week from 09:00 AM to 9:30 PM

(12.5 hours daily), or 62.5 hours per week. Plaintiff did not take bona fide lunch hours. Plaintiff was paid for all his hours at regular rate, but he was not paid for overtime hours

15. 4. Defendants Tony's N.Y. Pizza, Nannete Vlachakis, and Peter Hansen employed Plaintiff Israel Corzo from approximately May 15, 2023, to June 12, 2024, or 56 weeks. Plaintiff was a non-exempt, full-time employee. The plaintiff had duties as a line cook, and his wage rate was $17.00 an hour. Plaintiff's overtime rate should be $25.50 an hour. Plaintiff had a regular schedule, and he worked five days per week from 9:00 AM to 9:30 PM (12.5 hours daily), or 62.5 hours per week. Plaintiff did not take bona fide lunch hours. Plaintiff was paid for all his hours at regular rate, but he was not paid for overtime hours.

16. 5.- Defendants Tony's N.Y. Pizza, Nannete Vlachakis, and Peter Hansen employed Plaintiff Elizabeth Alvarez from approximately October 15, 2023, to June 6, 2024, or 33 weeks. Plaintiff was a non-exempt, full-time employee. The plaintiff had duties as a cashier. Plaintiff earned approximately $13.91 an hour. Plaintiff overtime rate should be $20.86 an hour. Plaintiff worked five days per week from 10:00 AM to 9:30 PM (11.5 hours daily), or 57.5 hours per week. Plaintiff did not take bona fide lunch hours. Plaintiff was paid for all her hours at regular rate, but she was not paid for overtime hours.

17. Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez worked more than 40 hours, but they did not receive proper compensation for overtime hours.

18. Plaintiffs clocked in and out, and Defendants could track the number of days and hours worked by Plaintiffs and other similarly situated employees. Plaintiffs worked under the supervision of the owner of the business Peter Hansen.

19. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1)).

20. Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez were fired at different times, but for the same reason, their complaints about unpaid overtime wages.

21. Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez seek to recover unpaid overtime wages accumulated during their relevant time of employment with Defendants, retaliatory damages, liquidated damages, and any other relief as allowable by law.

22. Plaintiffs do not have time records, but they will provide a good-faith estimate of their unpaid wages.

23. At the times mentioned, individual Defendants Nannete Vlachakis and Peter Hansen were and are now owners/ partners, officers, and managers of Defendant Corporation Tony's N.Y. Pizza. Defendants Nannete Vlachakis and Peter Hansen were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of Tony's N.Y. Pizza in relation to its employees, including Plaintiffs and others similarly situated. Defendants Nannete Vlachakis and Peter Hansen had operational and financial control of the business, provided Plaintiffs with their work schedule, and they are jointly and severally liable for Plaintiff's damages.

24. Plaintiffs Dayana Gonzalez, Adriana Gonzalez, Leonardo Sampedro, and Macarena Paz have retained the law offices of the undersigned Attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable Attorneys' fees and costs.

<u>Collective Action Allegations</u>

25. Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

26. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated

individuals the proper compensation for regular hours and overtime hours at the rate of time and one-half their regular rate.

27. This action is intended to include every restaurant employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

28. Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, Elizabeth Alvarez re-adopt every factual allegation stated in paragraphs 1-27 of this Complaint as if set out in full herein.

29. Plaintiffs bring this action, and those similarly situated, to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC § 207. 29 USC § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

30. Plaintiffs were hired to work as restaurant employees, and they worked as follows:

31. 1- Defendants employed Plaintiff Yarelis Llerine from approximately March 15, 2023, to March 03, 2025, or 103 weeks. Plaintiff was a non-exempt, full-time cook, and her wage rate was $17.00 an hour. Plaintiff's overtime rate should be $25.50 an hour. Plaintiff had a regular schedule, and she worked four days with a total of 48 hours weekly. Plaintiff did not take bona fide lunch hours. Plaintiff was paid for all her hours at regular rate, but she was not paid for overtime hours

32. 2. Defendants employed Plaintiff Deivis Martinez from approximately May 15, 2023, to August 25, 2024, or 67 weeks. Plaintiff was a non-exempt, full-time employee.  Plaintiff had duties as a cook and kitchen helper, and his wage rate was $21.44 an hour. Plaintiff's overtime rate should be $32.16 an hour. Plaintiff had a regular schedule, and he worked five days per week with a total of 62.5 hours per week. Plaintiff did not take bona fide lunch hours. Plaintiff was paid for all his hours at regular rate, but he was not paid for overtime hours.

33. 3. Defendants employed Plaintiff Deinis Martinez from May 15, 2023, to August 25, 2024, for a period of 67 weeks.  Plaintiff had duties as a cook and kitchen helper, and his wage rate was $21.44 an hour. Plaintiff's overtime rate should be $32.16 an hour. Plaintiff had a regular schedule, and he worked five days with a total of 62.5 hours per week. Plaintiff did not take bona fide lunch hours.

Plaintiff was paid for all his hours at regular rate, but he was not paid for overtime hours

34. 4. Defendants employed Plaintiff Israel Corzo from approximately May 15, 2023, to June 12, 2024, or 56 weeks.  Plaintiff had duties as a line cook, and his wage rate was $17.00 an hour. Plaintiff's overtime rate should be $25.50 an hour. Plaintiff had a regular schedule, and he worked five days per week with a total of 62.5 hours per week. Plaintiff did not take bona fide lunch hours. Plaintiff was paid for all his hours at regular rate, but he was not paid for overtime hours.

35. 5.- Defendants employed Plaintiff Elizabeth Alvarez from approximately October 15, 2023, to June 6, 2024, or 33 weeks. The plaintiff had duties as a cashier.  Plaintiff earned approximately $13.91 an hour. Plaintiff overtime rate should be $20.86 an hour. Plaintiff worked five days per week with a total of 57.5 hours per week. Plaintiff did not take bona fide lunch hours. Plaintiff was paid for all her hours at regular rate, but she was not paid for overtime hours.

36. Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez worked more than 40 hours, but they did not receive proper compensation for overtime hours.

37. Plaintiffs clocked in and out, and Defendants could track the number of days and hours worked by Plaintiffs and other similarly situated employees.

Plaintiffs worked under the supervision of the owner of the business Peter Hansen.

38. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1)).

39. Defendants paid Plaintiffs without accurate paystubs providing information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

40. Defendants fired Plaintiffs at different times, but due to the same reason, their complaints about unpaid overtime wages.

41. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees, upon information and belief. Therefore, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their

Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

43. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate of their unpaid overtime hours, as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery.

### 1.- Overtime claim of Plaintiff Yarelis Llerine

a. Total amount of alleged unpaid wages:

Seven Thousand Four Dollars and 00/100 ($7,004.00)

b. Calculation of such wages:

Total weeks of employment: 103 weeks
Total relevant weeks of employment: 103 weeks
Total hours worked: 48 hours
Total Unpaid O/T hours: 8 hours
Regular rate: $17.00 x 1.5=$25.50 O/T rate-$17.00 rate paid=$8.50 diff.
Half-time: $8.50

$8.50 x 8 O/T hours=$68.00 weekly x 103 weeks=$7,004.00

c. Nature of wages:

This amount represents unpaid half-time overtime wages.[1]

### 2.- Overtime claim of Plaintiff Deivis Martinez

a. Total amount of alleged unpaid wages:

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

Sixteen Thousand One Hundred Sixty Dollars and 40/100 ($16,160.40)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 67 weeks
Total relevant weeks of employment: 67 weeks
Total hours worked: 62.5 hours
Total Unpaid O/T hours: 22.5 hours
Reg. rate: $21.44 x 1.5=$32.16 O/T rate-$21.44 rate paid=$10.72 diff.
Half-time: $10.72

$10.72 x 22.5 O/T hours=$241.20 weekly x 67 weeks=$16,160.40

c. <u>Nature of wages</u>:

This amount represents unpaid half-time overtime wages.[2]

### 3.- Overtime claim of Plaintiff Deinis Martinez

a. <u>Total amount of alleged unpaid wages</u>:

Sixteen Thousand One Hundred Sixty Dollars and 40/100 ($16,160.40)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 67 weeks
Total relevant weeks of employment: 67 weeks
Total hours worked: 62.5 hours
Total Unpaid O/T hours: 22.5 hours
Reg. rate: $21.44 x 1.5=$32.16 O/T rate-$21.44 rate paid=$10.72 diff.
Half-time: $10.72

$10.72 x 22.5 O/T hours=$241.20 weekly x 67 weeks=$16,160.40

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

c.  Nature of wages:

This amount represents unpaid half-time overtime wages.[3]

### 4.- Overtime claim of Plaintiff Israel Corzo

a.  Total amount of alleged unpaid wages:

Ten Thousand Seven Hundred Ten Dollars and 00/100 ($10,710.00)

b.  Calculation of such wages:

Total weeks of employment: 56 weeks
Total relevant weeks of employment: 56 weeks
Total hours worked: 62.5 hours
Total Unpaid O/T hours: 22.5 hours
Reg. rate: $17.00 x 1.5=$25.50 O/T rate-$17.00 rate paid=$8.50 diff.
Half-time: $8.50

$8.50 x 22.5 O/T hours=$191.25 weekly x 56 weeks=$10,710.00

c.  Nature of wages:

This amount represents unpaid half-time overtime wages.[4]

### 5.- Overtime claim of Plaintiff Elizabeth Alvarez

a.  Total amount of alleged unpaid wages:

Four Thousand Thirteen Dollars and 46/100 ($4,013.46)

b.  Calculation of such wages:

---

[3] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

[4] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

Total weeks of employment: 33 weeks
Total relevant weeks of employment: 33 weeks
Total hours worked: 57.5 hours
Total Unpaid O/T hours: 17.5 hours
Regular rate: $13.91 x 1.5=$20.86 O/T rate-$13.91 rate paid=$6.95 diff.
Half-time: $6.95

$6.95 x 17.5 O/T hours=$121.62 weekly x 33 weeks=$4,013.46

c. <u>Nature of wages:</u>

This amount represents unpaid half-time overtime wages.[5]

44. At all times, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

45. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these overtime wages, as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

---

[5] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

46. Defendants Tony's N.Y. Pizza, Nannete Vlachakis, and Peter Hansen willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States, and remain owing Plaintiffs these overtime wages since the commencement of Plaintiff's employment with Defendants.

47. Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, Elizabeth Alvarez, and those similarly situated, respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, Elizabeth Alvarez, and other similarly situated individuals and against the Defendants Tony's N.Y. Pizza, Nannete Vlachakis, and Peter Hansen based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty

weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez demand a trial by a jury of all issues triable as a matter of right.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

48. Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez re-adopt every factual allegation stated in paragraphs 1-24 of this Complaint as if set out in full herein.

49. Defendants Tony's N.Y. Pizza, Nannete Vlachakis, and Peter Hansen were and are engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B).

50. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

51. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

52. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

53. Defendants Tony's N.Y. Pizza, Nannete Vlachakis, and Peter Hansen employed Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez, and other co-workers as non-exempted, full-time employees between March 15, 2023, and March 03, 2025.

54. Plaintiffs were hired to work as restaurant employees, and they worked as follows:

55. 1- Defendants employed Plaintiff Yarelis Llerine from approximately March 15, 2023, to March 03, 2025, or 103 weeks. Plaintiff's hourly rate was $17.00 an hour. Plaintiff's overtime rate should be $25.50 an hour. Plaintiff worked four days with a total of 48 hours weekly. Plaintiff did not take bona fide lunch hours.

Plaintiff was paid for all her hours at regular rate, but she was not paid for overtime hours

56. 2. Defendants employed Plaintiff Deivis Martinez from approximately May 15, 2023, to August 25, 2024, or 67 weeks.  Plaintiff had duties as a cook, and his wage rate was $21.44 an hour. Plaintiff's overtime rate should be $32.16 an hour. Plaintiff worked five days with a total of 62.5 hours per week. Plaintiff did not take bona fide lunch hours. Plaintiff was paid for all his hours at regular rate, but he was not paid for overtime hours.

57. 3. Defendants employed Plaintiff Deinis Martinez from May 15, 2023, to August 25, 2024, or 67 weeks.  Plaintiff had duties as a cook, and his wage rate was $21.44 an hour. Plaintiff's overtime rate should be $32.16 an hour. Plaintiff worked five days with a total of 62.5 hours per week. Plaintiff did not take bona fide lunch hours. Plaintiff was paid for all his hours at regular rate, but he was not paid for overtime hours

58. 4. Defendants employed Plaintiff Israel Corzo from approximately May 15, 2023, to June 12, 2024, or 56 weeks.  Plaintiff had duties as a line cook, and his wage rate was $17.00 an hour. Plaintiff's overtime rate should be $25.50 an hour. Plaintiff worked five days with a total of 62.5 hours per week. Plaintiff did not take bona fide lunch hours. Plaintiff was paid for all his hours at regular rate, but he was not paid for overtime hours.

59. 5.- Defendants employed Plaintiff Elizabeth Alvarez from approximately October 15, 2023, to June 6, 2024, or 33 weeks. Plaintiff had duties as a cashier. Plaintiff earned approximately $13.91 an hour. Plaintiff overtime rate should be $20.86 an hour. Plaintiff worked five days per week with a total of 57.5 hours weekly. Plaintiff did not take bona fide lunch hours. Plaintiff was paid for all her hours at regular rate, but she was not paid for overtime hours.

60. All the Plaintiffs worked more than 40 hours, but they did not receive proper compensation for overtime hours.

61. Plaintiffs clocked in and out, and Defendants could track the number of days and hours worked by Plaintiffs and other similarly situated employees. Plaintiffs worked under the supervision of the owner of the business Peter Hansen.

62. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1)).

63. Defendants paid Plaintiffs without accurate paystubs providing information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

64. Plaintiffs complained many times to the owner of the business, Peter Hansen supervisor, about their unpaid regular wages and overtime hours.

65. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

66. However, Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez were all fired after they complained about unpaid overtime wages.

67. At all times during their employment, Plaintiffs performed their work satisfactorily. There was no reason other than unlawful retaliatory employment action to discharge Plaintiffs.

68. The termination of Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez by the Defendants was directly and proximately caused by the Defendants' unjustified retaliation against Plaintiffs because they complained about the lack of payment for regular and overtime hours, in violation of Federal Law.

69. Defendants willfully and maliciously retaliated against Plaintiffs by engaging in a retaliatory action materially adverse to a reasonable employee and with the purpose of dissuading Plaintiffs from exercising his rights under 29 U.S.C. 215(a)(3).

70. The motivating factor that caused Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez to be fired from the

business, as described above, was their complaints about the Defendants' unlawful employment practices. In other words, Plaintiffs would not have been fired, but for their complaints about the lack of payment for overtime hours.

71. Defendants' adverse actions against Plaintiffs were in direct violation of 29 USC 215 (a) (3), and, as a direct result, Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez have been damaged.

72. Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay reasonable Attorney's fees and costs.

## Prayer For Relief

Wherefore, Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez respectfully request that this Honorable Court:

A. Enter judgment declaring that the discharge of Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez by Defendants was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants Tony's N.Y. Pizza, Nannete Vlachakis, and Peter Hansen, awarding Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez

liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date, and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiffs reasonable Attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

<u>Demand for a Jury Trial</u>

Plaintiffs Yarelis Llerine, Deivis Martinez, Deinis Martinez, Israel Corzo, and Elizabeth Alvarez demand a trial by a jury of all issues triable as a matter of right.

Date: August 12, 2025

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*